# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXA O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF STATE,<br><br>　　　　　Defendant. | Case No.  14-cv-00119<br>Judge Rosemary M. Collyer |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of State, by and through its undersigned counsel, hereby answers the numbered paragraphs in Plaintiff's Complaint as follows:

1.　Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 1.

2.　Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 2.

3.　Defendant admits the allegations in Paragraph 3.

4.　Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 4.

5.　Paragraph 5 contains Plaintiff's characterization of this action and conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that this is an action brought under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552.

6.　Paragraph 6 consists of Plaintiff's conclusions of law regarding jurisdiction, to

which no response is required.

7. Paragraph 7 consists of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

8. Paragraph 8 contains Plaintiff's characterization of the WikiLeaks organization, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 8.

9. Paragraph 9 contains Plaintiff's characterization of a White House press briefing, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the transcript of that press briefing for a full and accurate statement of its contents.

10. Paragraph 10 contains Plaintiff's characterization of a news report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

11. Paragraph 11 contains Plaintiff's characterization of a news report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

12. Paragraph 12 contains Plaintiff's characterization of a news report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

13. Paragraph 13 contains Plaintiff's characterization of a news report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

14. Paragraph 14 contains Plaintiff's characterization of a news report, to which no

response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

15. Paragraph 15 contains Plaintiff's characterization of a news report, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited news report for a full and accurate statement of its contents.

16. Paragraph 16 contains Plaintiff's characterization of this action and Plaintiff's FOIA request, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the text of the FOIA request, which is contained in Paragraph 17, for a full and accurate statement of its contents.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant admits the allegations in Paragraph 19.

20. Paragraph 20 contains Plaintiff's conclusions of law, to which no response is required.

21. Defendant denies the allegations in Paragraph 21 and avers that it informed Plaintiff by, *inter alia*, letter dated March 13, 2013, and e-mails dated September 4, October 9, and October 21, 2013, that it was processing Plaintiff's request.

22. Paragraph 22 contains Plaintiff's conclusions of law, to which no response is required.

23. Defendant incorporates by reference each and every response contained in the preceding paragraphs.

24. Paragraph 24 contains Plaintiff's statement incorporating documents referred to in her Complaint, to which no response is required.

25. Paragraph 25 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

26. Paragraph 26 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief.

Each and every allegation of the Complaint not heretofore expressly admitted, qualified, or denied is hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the relief prayed for in the complaint be denied, and the Complaint be dismissed with prejudice.

Dated: March 14, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

/s/ *John K. Theis*
JOHN K. THEIS (IL Bar No. 6287528)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., NW Rm. 6108
Washington, DC 20001
Telephone: (202) 305-7632
Fax: (202) 616-8460
Email: John.K.Theis@usdoj.gov